UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORNELIA CALAYAG,

        Plaintiff,        CIV S-05-0086 LKK PAN PS

    v.

                              ORDER

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,

        Defendant.

—oOo—

On January 14, 2005, plaintiff filed this action alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq., following the October 26, 2004, decision of the Equal Employment Opportunity Commission affirming dismissal of plaintiff's administrative complaint for failure to state a claim. Plaintiff's complaint was filed in this court within the 90-day limitation period provided by 42 U.S.C. § 2000e-5.

On June 10, 2005, plaintiff filed a request for default judgment against Postmaster General John E. Potter on the ground he has failed to answer plaintiff's complaint.

Plaintiff's papers demonstrate service of process has not properly been made upon defendant as required by Fed. R. Civ. P. 4(i)(2)(A).  Plaintiff has filed only proof of service of the complaint upon Mr. Potter.

Fed. R. Civ. P. (i)(2)(A) provides:  "Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1)[1] and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation."

The Ninth Circuit has encouraged district courts to be "generally more solicitous of the rights of pro se litigants,

---

[1] Fed. R. Civ. P. 4(i)(1) provides:

(1) Service upon the United States shall be effected
(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

1  particularly when technical jurisdictional requirements are
2  involved." Borzeka v. Heckler, 739 F.2d 444, 448, n.2 (9th Cir.
3  1985).  Lenience notwithstanding, substantial compliance with
4  Rule 4 is required, even for pro se plaintiffs.  See Bramesco v.
5  Drug Computer Consultants, 148 F.R.D. 690 (S.D.N.Y. 1993).
6  Moreover, that defendants have actual notice of an action, absent
7  special circumstances, is insufficient to confer personal
8  jurisdiction in the absence of valid service of process.  See
9  Fed. R. Civ. P. 4; Mid-Continent Wood Prod., Inc. v. Harris, 936
10 F.2d 297 (7th Cir. 1991); Jackson v. Hayakawa, 682 F.2d 1344 (9th
11 Cir. 1982).
12        To comply with Rule 4(i)(2)(A) plaintiff is directed to
13 send by certified or registered mail a copy of the summons *and*
14 complaint to each of the following:

John E. Potter
Postmaster General
U.S. Postal Service
475 L'Enfant Plaza, SW
Washington, D.C. 20260-0010

McGregor W. Scott
United States Attorney
Eastern District of California
c/o Civil Process Clerk
501 I Street, Suite 10-100
Sacramento, CA 95814-2322

Alberto Gonzalez
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530-0001

        Plaintiff is directed to file proof of such service
within 11 days.  Failure to comply will result in a

recommendation this case be dismissed pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).  Plaintiff's request for default judgment is denied.

       So ordered.

       Dated:  July 6, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge