UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORNELIO CALAYAG,

           Plaintiff,         CIV S-05-0086 LKK PAN PS

    v.

JOHN E. POTTER, POSTMASTER          ORDER
GENERAL, UNITED STATES POSTAL
SERVICE,

           Defendant.

-o0o-

      Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As oral argument was unnecessary to resolve this matter, I vacated the hearing scheduled for October 19, 2005, and issue this order.

      Plaintiff has filed neither an opposition nor statement of nonopposition to defendant's motion. E. D. Cal. L. R. 78-230(c).

Plaintiff filed this action January 14, 2005, alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq.  Plaintiff is an employee of the U.S. Postal Service Processing and Distribution Center in Oakland, California.[1]  He states he received a notice of removal July 2002 based on allegations he had submitted false medical documentation and made improper requests for leave; he was reinstated November 2002.  The following year, on December 15, 2003, plaintiff's supervisor summoned plaintiff to her office and, in front of another, accused plaintiff of improper attendance and sick leave use for December 3, 4, 5, 8, and 9, 2003.  On January 15, 2004, plaintiff filed an administrative complaint alleging "continuing and systemic" "unlawful discrimination based upon my age (DOB 1944), disabilities (stress, high blood pressure, diabetes), race (Philippine), National Origin (Philipines), and other acts made unlawful by the Civil Rights Act of 1964 as amended."  Mediation April 2004 failed to resolve plaintiff's claim and he filed a formal complaint May 4, 2004, with the Equal Employment Opportunity Commission (EEOC).  On October 26, 2004, the EEOC affirmed the dismissal of plaintiff's administrative complaint, reasoning "that the complaint fails to state a claim under the EEOC regulations because complainant failed to show that he suffered

---

[1] Defendant states its intent to transfer venue of this action to the U.S. District Court for the Northern District of California.  See Defendant's Memorandum in Support of the Motion to Dismiss, fn. 1.

2

harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy." Plaintiff filed this action within 90 days after the EEOC's decision affirming dismissal of plaintiff's administrative complaint. See 42 U.S.C. § 2000e-5(f)(1).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754, n. 6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may dismiss a complaint if it does not contain "either direct or inferential allegations respecting all the material elements" of each claim or if the allegations are merely "bare assertions of legal conclusions." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (internal quotations omitted).

The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

"Under McDonnell Douglas [v. Green, 411 U.S. 792, 802 (1973)], a plaintiff alleging disparate treatment under Title VII

must first establish a prima facie case of discrimination. Specifically, the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.  The burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action.  If the employer does so, the plaintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)." Chuang v. University of California Davis, Bd. of Trustees,  225 F.3d 1115, 1123-1124 (9th Cir. 2000).

An "adverse employment action" is a "non-trivial employment action[] that would deter reasonable employees from complaining about Title VII violations" or engaging in protected activity. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000).  A "hostile work environment" is demonstrated by proof of unwelcome verbal or physical conduct of a harassing nature that is sufficiently severe or pervasive to alter the conditions of employment. Pavon v. Swift Transportation Co., Inc., 192 F.3d 902, 908 (9th Cir.1999).  A hostile work environment claim is composed of a series of separate abusive

acts that collectively constitute one unlawful employment practice.  In determining whether an actionable hostile work environment claim exists, the court must look to all the circumstances, including the nature, severity and frequency of the discriminatory conduct, and whether it unreasonably interferes with an employee's work performance.  42 U.S.C. § 2000e-5(e)(1).  Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-117 (2002), quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993)).

     While it is not disputed plaintiff belongs to one or more protected classes and is qualified for his position, the facts plaintiff did plead do not support a claim based upon an adverse employment action or hostile work environment and plaintiff has not alleged that similarly situated persons were treated more favorably.

     While plaintiff's complaint generally asserts multiple instances of "prohibited personnel practices, violation of my Constitutional and Civil rights, letters of warning, disciplinary action, other unfavorable actions, and other unlawful acts," it specifically identifies only his removal July 2002 and questioning by his supervisor December 2003.  An employer's formal inquiry into an employee's use of sick leave is on its face inherently reasonable and cannot be said to interfere with a

5

regular employee's normal work activities.  Cf., e.g., Ray v. Henderson, 217 F.3d 1234, 1243 -1244 (9th Cir. 2000) ("adverse employment actions" include employer's selective reduction of workload and pay).  Plaintiff's limited examples and his failure to identify more favorable treatment of similarly situated employees demonstrate neither an actionable adverse employment action nor a hostile work environment.

Accordingly, plaintiff's complaint is dismissed for failure to state a prima facie case of discrimination under Title VII.

However, giving plaintiff every benefit of the doubt, as we must for pro se litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), Abassi v. I.N.S., 305 F.3d 1028, 1032 (9th Cir. 2002), plaintiff is granted leave to serve and file an amended complaint within twenty (20) days of service of this order that sets forth all specific instances (not generalizations) of allegedly adverse and disparate employment actions.  Failure to file an amended complaint or failure again to state a claim for which relief may be granted shall result in a recommendation this case be dismissed.

So ordered.

Dated:  November 30, 2005.

>                         /s/ Peter A. Nowinski
>                         PETER A. NOWINSKI
>                         Magistrate Judge